### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | | |
|---|---|---|
| Evanston Insurance Co., | ) | |
| | ) | Civil Action No. 1:15-cv-01843-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AJ's Electrical Testing & Service | ) | |
| (d/b/a Southern Substation), LLC; | ) | |
| Roy Johnson; Carrie Ann Johnson; | ) | |
| George Schultz, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

_____

| | | |
|---|---|---|
| AJ's Electrical Testing & Service | ) | |
| (d/b/a Southern Substation), LLC, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Evanston Insurance Co., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Counter Defendant. | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment. (ECF No. 35.) In support of its argument for this court to deny Defendants' Motion, Plaintiff submitted the expert report of an engineer, Lee Metz, as supplemental briefing to its original Response to Defendants' Motion for Summary Judgment. (ECF Nos. 54, 54-1.) Defendant Southern Substation argues that this court should not consider the report because it "is not presented in

admissible form" since "it was not submitted as part of sworn testimony, or as part of an affidavit or declaration." (ECF No. 59 at 1–2.)

"It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993); *see Rohrbough v. Wyeth Laboratories, Inc.*, 916 F.2d 970, 973 (4th Cir. 1990) (concluding that on a motion for summary judgment, a district court may only consider evidence that would be admissible at trial). Nonetheless, "'[s]ubsequent verification or reaffirmation of an unsworn expert's report, either by affidavit or deposition, allows the court to consider the unsworn expert's report on a motion for summary judgment.'" *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 539 (4th Cir. 2015), *as amended* (June 24, 2015) (citing *DG & G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)); *see* 11 James Wm. Moore et al., Moore's Federal Practice § 56.91[2] (3d ed. 2015) (noting that a court may consider materials that would themselves be admissible at trial, and the content or substance of otherwise inadmissible materials where 'the party submitting the evidence show[s] that it will be possible to put the information . . . into an admissible form'").

District courts generally have discretion as to whether to accept or reject ill-timed summary judgment materials. *See, e.g.*, *Capobianco v. City of New York*, 422 F.3d 47, 55 (2d Cir. 2005) (holding that the district court abused its discretion in excluding unsworn documents since it did not allow plaintiff to obtain a curative affidavit); *African Am. Voting Rights Legal Def. Fund, Inc. v. Villa*, 54 F.3d 1345, 1350 (8th Cir. 1995) (affirming the district court's decision to allow affidavits in support of a motion for summary judgment after the court's provided deadline); *cf. Fowle v. C & C Cola*, 868 F.2d 59, 67 & n. 4 (3d Cir. 1989) (rejecting unsworn exhibits and noting

that "we are swayed in this case that the defendants raised this issue in the district court, and plaintiff did nothing *to correct the error* before that court") (emphasis added).

Exercising this discretion, district courts have permitted affidavits to cure previously unsworn materials during summary judgment. *See Cornell Research Found., Inc. v. Hewlett– Packard Co.*, No. 5:01–CV–1974, 2007 WL 4349135, at *19 (N.D.N.Y. Jan. 31, 2007) (unpublished) ("Despite the potential inappropriateness of submitting the unsworn report of a party's own expert to support or oppose a summary judgment motion, such a defect is . . . curable through the submission of an affidavit or a declaration verifying the report's contents."); *Maytag Corp. v. Electrolux Home Prods., Inc.*, 448 F. Supp. 2d 1034, 1064 (N.D. Iowa 2006), *aff'd on other grounds,* No.2007–1015, 2007 WL 1426725, at *1 (Fed. Cir. May 10, 2007) (per curiam) (unpublished); *Kidder, Peabody & Co., Inc. v. IAG Intern. Acceptance Group, N.V.*, 28 F. Supp. 2d 126, 130 (S.D.N.Y. 1998), *aff'd on other grounds,* 205 F.3d 1323, 1999 WL 1254512 (2d Cir. 1999); *Brenord v. Catholic Med. Ctr. of Brooklyn & Queens, Inc.*, 133 F. Supp. 2d 179, 183 n. 1 (E.D.N.Y. 2001); *Gache v. Town of Harrison, N.Y.*, 813 F. Supp. 1037, 1052 (S.D.N.Y. 1993).

Here, the parties disagree as to whether Mr. Metz's report qualifies as sworn testimony and therefore whether it is appropriate for this court to consider in its summary judgment determinations. (*Compare* ECF No. 59 at 2 (arguing that the report "is not presented in admissible form" since "it was not submitted as part of sworn testimony, or as part of an affidavit or declaration"), *with* ECF No. 60 at 2 (responding that the fact that Mr. Metz stamped his report with his "Licensed Professional Engineer Seal" under South Carolina law "operates as Mr. Metz's sworn verification of the Report").) This court declines the parties' invitation to resolve the specific issue of whether Mr. Metz's report, in its current form, qualifies as sworn testimony.

Instead, Plaintiff is instructed to provide this court with an affidavit from Mr. Metz that cures any concerns as to whether the report qualifies as sworn testimony such that it would be admissible. *See, e.g.*, *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015), *as amended* (June 24, 2015) (affirming a district court's decision to consider unsworn expert testimony on motion for summary judgment "because [the defendant] 'explain[ed] the admissible form that is anticipated' and "submitted declarations made 'under penalty of perjury' from the experts attesting that they 'would testify to the matters set forth in [their respective] report[s]'"); *see also Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (noting that "an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court").

Plaintiff therefore is **ORDERED** to file an appropriate affidavit from Mr. Metz supporting his expert report no later than January 4, 2016. This Order is limited to the specific issue of the sufficiency of Mr. Metz's expert report as sworn testimony. Accordingly, this court emphasizes that in no way should this Order be construed as a ruling on the admissibility of Mr. Metz's expert report on other grounds or as a ruling on the extent to which this court will consider the report in ultimately determining summary judgment if the report is deemed admissible.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

December 17, 2015
Columbia, South Carolina